MUNICIPALITY OF AGUAS BUENAS, Plaintiff and Appellant, *v.* ESTEBAN DE LA FUENTE, Defendant and Appellee.

No. 8066.   Argued January 23, 1941.—Decided January 27, 1941.

*Federico E. Virella* for appellant.   *Santiago de la Fuente* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The question to be decided in this appeal is whether a municipality which from time immemorial has been in possession of a road dedicated to public use is entitled to an injunction to be restored in the possession or use of that road after the owner of the property has closed it or prevented its use for over one year immediately preceding the filing of the complaint. In the opinion which served as a basis for the judgment denying the injunction, the judge of the lower court comments on the evidence in the following terms:

"The very evidence of the plaintiff shows without any doubt that the possession of the alleged road was interrupted by the defendant in the month of May, 1937, as evidenced by the communication addressed by the Mayor of Aguas Buenas to Mr. De la Fuente, and it likewise appears that in the month of September or October, 1938, several neighbors pulled down the fences which the defendant had placed on the road. Taking into consideration the whole evidence, that of the plaintiff as well as that of the defendant, the court is of the opinion that the plaintiff failed to act with all the necessary diligence, and that for over one year immediately preceding the filing of this complaint the defendant was in possession of the road in controversy."

The appellant does not challenge the findings of fact made by the trial court, but it argues that prescription does not run against the municipalities and that, in any event, as the possession of the defendant was interrupted in the month of September or October, 1938, the action is not barred because from that date to the filing of the complaint—January 3, 1939—the one-year period of possession claimed by the defendant had not yet elapsed.

In our judgment, the question of whether or not prescription runs against the municipalities is one extraneous to the controversy, in view of the nature of the proceeding to which the plaintiff has resorted. The law creating the remedy (Act No. 43 of 1913, p. 83) points out in an express and unequivocal manner what are the essential facts which must be alleged and, of course, proved in a suit for injunction to recover possession. Section 2 thereof, as amended in 1917 (Act No. 11 of 1917, vol. II, p. 220), now section 691 of the Code of Civil Procedure, 1933 ed., provides:

"The complaint shall be drafted and sworn to pursuant to the provisions of the Code of Civil Procedure and shall set forth:

"1. That the complainant *was within the year preceding the filing of the complaint in the actual possession of the property described in said complaint* if it is sought to recover it, and was and is in possession thereof if it is sought to retain it.

"2. That he has been disturbed or deprived of the said possession or tenancy.

"He shall also describe clearly the facts constituting the disturbance or deprivation and whether said acts were committed by the defendant or by some other person by order of the said defendant."

It is obvious that a complaint for an injunction to recover possession which fails to allege that the plaintiff was in possession of the property described in the complaint does not state facts sufficient to constitute the cause of action relied on. If, as the law prescribes, this is an essential allegation of the complaint, it is not enough to set it up as was done in the present case, but it is necessary to prove it in order that the action may prosper. The plaintiff not only failed to prove that essential fact, but from its own evidence it appears that the defendant, at the time of the filing of the complaint, had already closed the road to the public and held the possession thereof for over one year. It is not then a question of prescription which may be waived by the defendant. The deficiency in the evidence is more serious, as it affects the existence of the cause of action.

With reference to the necessity of proving plaintiff's possession in order that his suit for injunction may prosper, in an article entitled "Interdict" (Interdicto) in the Enciclopedia Jurídica Española, it is said:

"Therefore, one who is in possession of, or who occupies, a thing, and who has been disturbed in the same by acts which show an intention to perturb or oust him, or one who while holding that possession or occupancy has been deprived of either, may institute the corresponding interdict.

"Those particulars must be proved in the only way in which it may be done as they refer to matters which are visible to the public, that is, by means of witnesses whose statements must be included in the complaint itself in order to establish that the claimant or his predecessor in interest is in possession of, or occupies, the thing, and that he has been disturbed or perturbed in the same or has reasonable grounds to believe that he will be, or that he has already been deprived of said possession or occupancy." (Italics ours.) Op. cited, vol. 19, p. 786.

In what way could the decision in this case be affected by the fact that in the month of September or October 1938, some neighbors cut the wires which obstructed passage over the road, when the fence was immediately rebuilt by the defendant? In no way, for, as provided in section 373 of the Civil Code (1930 ed.), "acts merely tolerated and those clandestinely executed without the knowledge of the possessor of the thing *or with violence* do not affect possession." Manresa has aptly said: "Violence, as an act of force against persons or things, rarely will fail to come under the sanction of the Penal Code."

The foregoing does not at all prejudice any right which the plaintiff-municipality may have to the use of the road in question, provided it resorts to the proper remedy in accordance with the circumstances of the case.

Therefore, the appeal must be overruled and the judgment appealed from affirmed.